MIDWAY GRADING COMPANY, INC. v. NORTH CAROLINA DEPARTMENT OF ENVIRONMENT, HEALTH AND NATURAL RESOURCES, DIVISION OF LAND RESOURCES

No. COA95-443

(Filed 6 August 1996)

1. **Environmental Protection, Regulation, and Conservation § 124 (NCI4th)— violation of Sedimentation Pollution Control Act—requirements for service**

    The trial court erred in concluding that respondent agency's service of notice of violation of the Sedimentation Pollution Control Act (SPCA) did not comply with N.C.G.S. § 1-75.10 and with the Rules of Civil Procedure, since the N.C. Administrative Code provided the procedure for sending a notice of violation of

the SPCA, and respondent adequately followed that procedure where an officer of petitioner corporation signed the certified mail return receipt for the notice of violation which respondent mailed to petitioner, the officer also being an agent of petitioner for purposes of receiving notice of petitioner's alleged violation of the SPCA. Further, the notice of violation described petitioner's alleged violations "with reasonable particularity" as required by the N.C. Administrative Code.

**Am Jur 2d, Pollution Control §§ 46-49, 492-588.**

**Validity of state statutory provision permitting administrative agency to impose monetary penalties for violations of environmental pollution statute. 81 ALR3d 1258.**

2. **Environmental Protection, Regulation, and Conservation § 124 (NCI4th)— soil erosion and control plan—when filing required**

The trial court erred in concluding that petitioner was not required to file a soil erosion and sedimentation plan because petitioner did not own more than one acre of land on which land disturbing activity was being conducted, since N.C.G.S. § 113A-57(4) requires that a party must file a plan if its actions will cause more than one acre of land to be uncovered and does not require that the party causing the disturbance has to own more than one acre of land being uncovered.

**Am Jur 2d, Pollution Control §§ 46-49, 492-588.**

**Validity of state statutory provision permitting administrative agency to impose monetary penalties for violations of environmental pollution statute. 81 ALR3d 1258.**

Appeal by respondent from order entered 12 December 1994 by Judge Loto G. Caviness in Caldwell County Superior Court. Heard in the Court of Appeals 30 January 1996.

In 1989, citizens of Lake Hickory complained to the North Carolina Department of Environment, Health and Natural Resources, Division of Land Resources (hereinafter respondent) about excess sedimentation draining into Lake Hickory, the water supply for Hickory, North Carolina, from Midway Grading Company, Inc.'s activities near U.S. Highway 321. In response to these complaints, respondent inspected the site on 11 May 1989 and estimated that 1.3 acres of land had been disturbed. On 16 May 1989, respondent sent a

Notice of Violation (hereinafter NOV) to Midway Grading Company, Inc. (hereinafter petitioner), certified mail, return receipt requested, stating that petitioner had committed five violations of the North Carolina Sedimentation Pollution Control Act of 1973 (hereinafter SPCA). The NOV was received by petitioner on 17 May 1989 and was signed for by Rena Kiziah, an officer of petitioner and the mother of Greg Kiziah, petitioner's president. The violations included: (1) "[f]ailure to file an erosion and sedimentation control plan with [respondent] at least 30 days prior to beginning a land-disturbing activity;" (2) "[f]ailure to take all reasonable measures to protect all public and private property from damage by such land-disturbing activities;" and (3) "[f]ailure to retain along a lake or natural watercourse a buffer zone of sufficient width to confine visible siltation by natural or artificial means." The NOV stated that if petitioner did not respond to the notice or if the violations were not corrected before 31 May 1989, respondent could assess a civil penalty against petitioner.

Respondent conducted further inspections during the next few months and sent petitioner a Notice of Continuing Violations on 23 June 1989 and a Notice of Additional Violations on 25 October 1989. Petitioner submitted a soil erosion and sedimentation control plan to respondent in July 1989 which respondent disapproved on 11 August 1989. Respondent received petitioner's revised plan on 13 November 1989 and respondent's inspector found petitioner's site to be in compliance with the SPCA on 14 November 1989. Thereafter, respondent assessed a civil penalty against petitioner in the amount of $8900 for violations of the SPCA petitioner committed from 17 May 1989 through 31 October 1989.

Petitioner petitioned for a contested case hearing in the Office of Administrative Hearings on 30 July 1990. After a hearing, Administrative Law Judge Fred G. Morrison, Jr. entered his recommended decision on 23 December 1992, recommending that the civil penalty be reduced from $8900 to $7220. On 12 August 1993, Richard B. Whisnant, General Counsel for respondent, entered the final agency decision, adopting the recommended decision "in full, without change." Petitioner filed a petition for judicial review in the Superior Court of Caldwell County. The superior court order of 12 December 1994 concluded that respondent's service of process did not comply with the North Carolina Rules of Civil Procedure and G.S. 1-75.10 and that petitioner was not required to file a soil erosion and sedimentation plan prior to commencing activity on its site. The superior court remanded the case to the Office of Administrative Hearings.

Respondent appeals.

*Robbins & Hamby, P.A., by Dale L. Hamby and Donald T. Robbins, for petitioner-appellee.*

*Attorney General Michael F. Easley, by Assistant Attorney General Jay L. Osborne, for respondent-appellant.*

EAGLES, Judge.

I.

[1] Respondent first argues that the superior court erred by concluding that respondent's service of process did not comply with G.S. 1-75.10 and with the North Carolina Rules of Civil Procedure. G.S. 1-75.10 provides:

Where the defendant appears in [an] action and challenges the service of the summons upon him, proof of the service of process shall be as follows:

. . . .

(4) Service by Registered or Certified Mail.—In the case of service by registered or certified mail, by affidavit of the serving party averring:

a. That a copy of the summons and complaint was deposited in the post office for mailing by registered or certified mail, return receipt requested;

b. That it was in fact received as evidenced by the attached registry receipt or other evidence satisfactory to the court of delivery to the addressee; and

c. That the genuine receipt or other evidence of delivery is attached.

The superior court concluded that respondent did not satisfy the requirements of G.S. 1-75.10 because "the record d[id] not contain an original delivery receipt for any of the notices which Respondent attempted to serve on Petitioner . . . [and] the record d[id] not contain an Affidavit in proof of service by mail for any of the notices which Respondent attempted to serve on Petitioner." Although the superior court did not specify which provision of the Rules of Civil Procedure respondent violated, petitioner argues on appeal that respondent vio-

lated Rule 4(b). G.S. 1A-1, Rule 4(b) specifies the appropriate contents of a summons and provides in part that a summons "shall be directed to the defendant or defendants." Petitioner argues that respondent violated Rule 4(b) because the NOV was "not served on the addressee."

The Rules of Civil Procedure apply in administrative proceedings "unless another specific statute or rule . . . provides otherwise." N.C. Admin. Code tit. 26, r. 3.0101(1) (Nov. 1994). Here, respondent never sent a copy of a summons and complaint to petitioner because this was an administrative action regarding alleged violations of the SPCA. Because Rule 4(b) of the Rules of Civil Procedure deals with the contents of a summons, we conclude that it was inapplicable to respondent's service of the NOV.

G.S. 1-75.10 sets out requirements a party must fulfill in order to show that the court has personal jurisdiction over the opposing party when the opposing party contests jurisdiction and argues that service of process was not carried out properly. The North Carolina Administrative Code provides the procedure a party must follow when sending a NOV to an alleged violator of the SPCA. At the time of petitioner's alleged violations, N.C. Admin. Code tit. 15A, r. 4C.0007(a) provided that:

> Prior to the assessment of any civil penalty, notice of the violation shall be given the alleged violator(s) or his (their) agent(s) by registered or certified mail, describing the violation with reasonable particularity, specifying a time period for compliance and stating that upon failure to comply the person responsible for the violation shall become subject to the assessment of a civil penalty.

Because the North Carolina Administrative Code provides the procedure a party must follow when sending a NOV, the validity of respondent's service of the NOV must be determined according to the specifications of the North Carolina Administrative Code section instead of G.S. 1-75.10(4).

Rena Kiziah, an officer of petitioner, signed the certified mail return receipt for the NOV which respondent mailed to petitioner on 16 May 1989. The governing regulation regarding proper notice to alleged violators of the SPCA provides that notice must be given to "the alleged violator(s) or his (their) agent(s)." An officer is defined as a "[p]erson holding [an] office of trust, command or authority in [a]

corporation." Black's Law Dictionary 1083 (6th ed. 1990). An agent is defined as "[a] person authorized by another (principal) to act for or in place of him; one intrusted with another's business." Black's Law Dictionary 63 (6th ed. 1990). Based on these definitions, we conclude that Rena Kiziah, an officer of petitioner, was also an agent of petitioner for purposes of receiving notice of petitioner's alleged violations of the SPCA. After reviewing the NOV which respondent sent to petitioner, we also conclude that the NOV described petitioner's alleged violations "with reasonable particularity" as required by the applicable provision of the North Carolina Administrative Code set out above. Accordingly, respondent's method of notifying petitioner of its alleged violations satisfied the requirements of N.C. Admin. Code tit. 15A, r. 4C.0007(a) and the superior court erred in concluding that respondent's service of process was insufficient.

## II.

[2] Respondent also argues that the superior court erred by concluding that petitioner was not required to file a soil erosion and sedimentation plan because petitioner did not own more than one acre of land on which land-disturbing activity was being conducted. G.S. 113A-57(4) provides that "[n]o person shall initiate any land-disturbing activity on a tract if more than one acre is to be uncovered unless, 30 or more days prior to initiating the activity, an erosion and sedimentation control plan for such activity is filed with the agency having jurisdiction." The plain language of G.S. 113A-57(4) requires that a party must file an erosion and sedimentation control plan if its actions will cause more than one acre of land to be uncovered. The statute does not require that the party causing the disturbance has to own more than one acre of the land being uncovered. Accordingly, we conclude that the superior court erred in its interpretation of G.S. 113A-57(4).

This case is remanded to the superior court for further proceedings consistent with this opinion.

Reversed and remanded.

Judges MARTIN, JOHN C., and MARTIN, MARK D., concur.